UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANTOINE HARDAWAY**                                                                                      **PLAINTIFF**

**V.**                                                                  **CIVIL ACTION NO. 3:24-cv-330-HTW-LGI**

**OKEES USED AUTO SALES, INC.,**
**WYNN'S EXTENDED CARE, INC.,**
**and CREDIT ACCEPTANCE CORPORATION**                                       **DEFENDANTS**

## ORDER GRANTING DEFENDANT CREDIT ACCEPTANCE CORPORATION'S MOTION TO COMPEL ARBITRATION

**BEFORE THIS COURT** is Defendant Credit Acceptance Corporation's Motion to Compel Arbitration **[Docket No. 10]**, filed on June 20, 2024. To date, Plaintiff Antoine Hardaway has filed no response to Defendant's motion. Having reviewed the motion, the relevant authorities, and the record in this case, this court finds that the motion should be **GRANTED** for the reasons set forth below.

### I. JURISDICTION

This court has subject matter jurisdiction over this dispute pursuant to Title 28 U.S.C. § 1331[1], often hailed as federal question jurisdiction. Additionally, this court has authority to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4[2], a federal enactment, which

---

[1] Title 28 U.S.C. § 1331: The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

[2] The FAA provides, in pertinent part that "an party aggrieved by the alleged, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement…"

9 U.S.C.A. § 4 (West)

1

provides that a party aggrieved by the refusal of another to arbitrate under a written agreement may petition a federal court for an order compelling arbitration.

## II. LEGAL STANDARD

The FAA establishes a strong federal policy favoring arbitration and mandates enforcement of arbitration agreements where a valid agreement exists and the dispute falls within its scope. See *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); see also *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019).

To determine a dispute is subject to arbitration, courts within the Fifth Circuit apply a two-step inquiry: (1) whether the parties agreed to arbitrate the dispute, and (2) whether any federal statute or policy renders the claims nonarbitrable. See *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). Under the first prong, this court must decide: (a) whether a valid agreement to arbitrate exists; and (b) whether the dispute falls within the scope of that agreement. *Klein v. Nabors Drilling USA, L.P.*, 710 F.3d 234, 236 (5th Cir. 2013).

## III. BACKGROUND FACTS

On November 23, 2023, Plaintiff Antoine Hardaway ("Hardaway") purchased a used 2015 Chrysler 300 automobile from Defendant Okees Used Auto Sales, Inc. ("Okees"), for $17,150.00. To finance the purchase, Hardaway entered into a Retail Installment Contract ("RIC") with Okees, which was later assigned to Defendant Credit Acceptance Corporation ("Credit Acceptance"). This RIC required Hardaway to make 63 monthly payments of $528.77, totaling $33,312.57[3].

The RIC included an arbitration provision that broadly covered disputes related to the vehicle's purchase, financing, and any associated service. This provision reads as follows:

---

[3] Hardaway also purchased a vehicle service contract ("VSC") from Defendant Wynn's Extended Care, Inc. ("Wynn's") for $1,923.00, which was also financed under the RIC. Credit Acceptance was not a party to the VSC.

>**A "Dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to**, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, **quality of the Vehicle**, advertising for the Vehicle **or its financing, or any product or service included in this Contract**. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories....
>
>* * *
>
>**Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit**. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration. . . . . See Exhibit "A" at 5 (emphasis added). Okees then assigned all of its "right, title and interest in and to th[e] [RIC]" to Credit Acceptance.

[Docket no. 11-1 at 5] ("the Arbitration Clause").

Shortly after acquiring the vehicle, Hardaway experienced mechanical issues. Hardaway filed this action On April 29, 2024, Hardaway filed suit in the County Court of Hinds County. [Docket no. 11-3]. His state law Complaint asserted claims for: breach of service contract; tortious breach of service contract; breach of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, et seq.)[4]; breach of implied warranties of merchantability and fitness for a particular purpose; negligent misrepresentations; common law fraud and/or fraudulent and/or negligent and/or grossly negligent misrepresentation; negligence and/or gross negligence, and economic duress. *Id*. Hardaway demanded unspecified compensatory damages (including for pain and suffering, anxiety and emotional distress); unspecified punitive damages; attorney's fees; pre and post judgment interest; and other unspecified relief to which he may be entitled.

---

[4] Magnuson–Moss Warranty Act establishes standards governing content of consumer product warranties and creates legal remedy for consumers who are harmed by warrantor's failure to comply with obligations established in warranty. Magnuson–Moss Warranty—Federal Trade Commission Improvement Act, § 101 et seq., 15 U.S.C.A. § 2301 et seq.

3

On June 6, 2024, Credit Acceptance, with consent from the other defendants, removed this matter from state court to this federal forum [Docket no. 1] Credit Acceptance now seeks to enforce the arbitration agreement contained in the RIC. As stated above, Hardaway offers no rebuttal to Defendant's motion.

## IV. ANALYSIS

Credit Acceptance has presented a valid arbitration agreement signed by both parties. Under Mississippi contract law, mutual assent and consideration are sufficient to form a binding contract. See *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008).

In this court's eye, Hardaway's claims fall within the scope of the Arbitration Clause. This Arbitration Clause applies to "any controversy or claim between You and Us arising out of or in any way related to" the RIC. *See* Docket no. 11 at 5. This Arbitration, moreover, is fully applicable to Credit Acceptance because "a valid assignment of a debt or contract conveys the entire interest of the assignor to the assignee[.]" *See EB, Inc. v. Allen*, 722 So.2d 555, 564 (Miss. 1998). Credit Acceptance acquired all of Okees' rights under the RIC: "Seller hereby assigns and transfers all Seller's right, title and interest in and to this Contract . . . to CREDIT ACCEPTANCE[.]" *See* Docket no. 11 at 4. Credit Acceptance may, therefore, properly enforce the arbitration agreement between itself and Hardaway. *See Stringer v. GMAC Financial Services Corp.*, 2010 WL 1257835, at *2 (S.D. Miss. Mar. 26, 2010).

Finally, no legal constraints external to the parties' agreement foreclose the arbitration of the claims at issue. The United Supreme Court has repeatedly affirmed that statutory claims may be subject to arbitration unless Congress has explicitly stated otherwise. See *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). Hardaway has not demonstrated any federal statute or policy that would override the presumption in favor of arbitration.

## V. CONCLUSION

For the reasons stated above, this court hereby **GRANTS** Defendant Credit Acceptance Corporation's Motion to Compel Arbitration **[Docket no. 10].**

**IT IS FURTHER ORDERED THAT** this matter shall remain **STAYED** pending arbitration in accordance with. Rule 16(b)(3)(B) of the Local Uniform Civil Rules for the Northern and Southern Districts of Mississippi, which provides:

> Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal.

SO ORDERED this the 24th day of February**, 2025**.

                          **/s/HENRY T. WINGATE**
                          UNITED STATES DISTRICT JUDGE